MATTHEW C. ELLIS, OSB No. 075800
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
621 SW Morrison St Ste 1025
Portland OR  97205
Telephone: 503/345-5407

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LORI BELL,** an individual,<br><br>               Plaintiff,<br><br>    v.<br><br>**CLACKAMAS COUNTY,** a local government, **and GREG GEIST,** an individual,<br><br>               Defendants. | **CASE NO.   3:22-cv-01885**<br><br>**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS**<br><br>**Jury Trial Demand** |

### I.  JURISDICTION AND VENUE

1. This is an action for damages for violations of the United States Constitution as well as state and federal law under 42 U.S.C. § 1983, 42 U.S.C. § 2000e and O.R.S. 659A.030. This court has jurisdiction over Plaintiff's constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3)-(4). This Court has jurisdiction over Plaintiff's Title VII claims under 42 U.S.C. 2000e-5(f)(3), 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3)-(4). This court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.  Both federal and state law claims alleged herein arose from a common nucleus of operative facts, and the state claims are so related to the federal claims that they form part of the same case or controversy such that the actions would ordinarily be expected to be tried in one judicial proceeding.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that the claims

and events giving rise to this action alleged herein occurred entirely in Clackamas County, Oregon.

## II.  PARTIES

3.Plaintiff Lori Bell is a citizen of the United States and a resident of the State of Oregon. Plaintiff was employed by Defendant Clackamas County in its Water Environment Services department as a Policy, Performance, Research Analyst from on or about October 12, 2020 through on or about October 5, 2021.

4.Defendant Clackamas County is local government within the state of Oregon. Defendant operates the Clackamas County Department of Water Environment Services (WES), which is charged with producing clean water and protecting water quality for Clackamas County. Defendant is liable for the tortious conduct of its agents and employees pursuant to ORS 30.265(1). Defendant Clackamas County is a "person" for purposes of 42 U.S.C. § 1983.

5.At all material times, Defendant Greg Geist was the Director of WES for Defendant Clackamas County.  Defendant Geist is named in his individual capacity and is a "person" for purposes of 42 U.S.C. § 1983.

## III.  FACTUAL ALLEGATIONS

6.On or about August 3, 2021, Plaintiff attended an event as a representative of Defendant Clackamas County at a park in Happy Valley, Oregon. As the event ended, Plaintiff proceeded to pack up her pop-up tent and asked a facilities worker of County Defendant, Kevin, for assistance putting the tent in her car.  Plaintiff did not know Kevin prior to August 3, 2021.

7.Plaintiff and Kevin proceeded to work together to put the cover on the pop-up tent, tie up the tent to put it in the back of her car.  Kevin then said to Plaintiff that they could tie Plaintiff up, too and put her in the back of the car as well. Plaintiff tried to brush off the comment, but was offended and frightened by Kevin's comment, as Plaintiff reasonably understood Kevin to be saying that he wanted to commit an act of sexualized violence against her.

8. On or about August 5, 2021, Plaintiff reported Kevin's sexually violent and discriminatory comment to her former supervisor, Ms. Chanin Bays. Ms. Bays, in turn, alerted WES Human Resources professional, Erin Knapp.

9. On or about August 9, 2021, Ms. Knapp contacted Plaintiff regarding her concerns about Kevin. Plaintiff re-reported Kevin's sexually violent and discriminatory comment. The next day, Ms. Knapp encouraged Plaintiff to report Kevin's conduct to Director Geist, directly, because the matter was an internal departmental issue.

10. On or about August 19, 2021, Plaintiff reported Kevin's conduct to Mr. Geist, via Zoom, during a one-on-one conversation. Plaintiff had never previously met with Mr. Geist individually. Mr. Geist was dismissive of Plaintiff's concerns. Mr. Geist asked if she had misheard Kevin. Plaintiff said she would not have contacted HR if she thought she had misheard Kevin. Mr. Geist let Plaintiff know that her report was inconvenient for Defendant. Mr. Geist told her that if she insisted on pressing this issue, they would have to do a whole investigation. Plaintiff told Geist that Defendant should do an investigation into her allegations.

11. On or about August 24 or 25, 2021, Plaintiff met with her direct supervisor, Mr. Storey. Mr. Storey asked about an 'incident at the park' and expressed that he heard she had escalated an issue. Mr. Storey expressed disappointment in Plaintiff for reporting Kevin for sexual harassment.

12. On or about August 25, 2021, Plaintiff had another interaction with Kevin. Plaintiff was pushing a cart toward the main entrance of Defendant's Tri-City Recovery facility in Oregon City when she felt a large hand grip her right shoulder blade, firmly, from behind. Surprised to be touched so hard from behind, Plaintiff turned around quickly and saw that it was Kevin. Kevin waved at Plaintiff and stated that he was very glad to see Plaintiff. Frightened, Plaintiff left the facility.

13. On or about September 7, 2021, Plaintiff met with Director Geist. Mr. Geist said that Kevin's supervisor was, formerly, trained interrogator from the military and had investigated her allegation. Geist told Plaintiff that Kevin denied making the comment to Plaintiff and that his

supervisor found his denial to be credible. Even though the Kevin's supervisor never spoke with Plaintiff or sought to get her side of the story, Mr. Geist told Plaintiff that the investigation would be closed.

14. At all material times, Plaintiff was meeting all legitimate work performance expectations of Defendant. Regardless of that fact, two weeks later, on or about September 23, 2021, Mr. Storey provided Plaintiff with a proposed letter of termination for alleged poor performance. The letter identified areas of alleged performance deficiencies, including negative interaction with staff, which had not previously been disclosed to Plaintiff by her supervisors. On or about September 29, 2021, Plaintiff provided information to rebut the performance allegations and pointed out that the only feedback she had received about negative interactions with staff was negative feedback for reporting Kevin for sexual harassment. Then, on October 4, 2021, a week before her probationary period with the County was set to end, Mr. Geist terminated Plaintiff's employment with the County.

15. Plaintiff's sex was a factor in the unlawful treatment alleged herein. Had Plaintiff not been a woman she would not have been sexually harassed by Kevin or terminated for the harassment by Geist. Furthermore, had Plaintiff not reported or opposed sexual harassment by Kevin, she would not have been terminated.

16. As a direct and proximate result of Defendants' violations of law, Plaintiff has suffered loss of employment, emotional distress, mental anguish, loss of self-esteem and dignity. Plaintiff is entitled to economic and non-economic damages in an amount to be proved at trial.

17. Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, ORS 659A.885, ORS 20.107 and 42 USC §2000e-5. Plaintiff is also entitled to expert witness fees under ORS 20.107.

18. Defendants' conduct was carried out with wanton or reckless disregard for Plaintiff's civil rights. Punitive damages should be assessed against Defendant Geist to deter him from such conduct in the future.

19.     Plaintiff dual-filed claims with BOLI and EEOC relating to the same acts alleged above or February 18, 2022. On September 17, 2022, BOLI issued its right to sue letter authorizing Plaintiff to proceed on her state law claims. On September 21, 2022, EEOC issued its right to sue letter authorizing Plaintiff to proceed on her Title VII claims. Plaintiff has filed this complaint within 90 days of receipt of her right to sue letter from both BOLI and EEOC.

20.     Pursuant to ORS 30.275, on February 18, 2022, Plaintiff provided Defendant Clackamas County with notice of tort claims

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983: Equal Protection)
### (Against all Defendants)

21.     Plaintiff realleges paragraphs 1 through 20.

22.     The harassment by Kevin constituted a sex based hostile work environment that was severe, perversive and objectively and subjectively offensive and violated Plaintiff's Fourteenth Amendment Rights.

23.     Defendant Geist deprived plaintiff of her Fourteenth Amendment right to be free of sex discrimination by terminating her because of her sex and for being sexually harassed by Kevin.

24.     Defendant Clackamas County is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the deprivation was pursuant to a Clackamas County custom, policy or practice of discriminating against women, retaliating against individuals who oppose sex discrimination or sexual harassment, and of having an ineffective complaint mechanism that permits continued discrimination and retaliation. The deprivation was also pursuant to a Clackamas County custom, policy or practice of terminating probationary employees who oppose misconduct or unlawful conduct during their probationary period.

25.     At all material times, Defendant Geist had final policy making authority for the WES department of Clackamas County and engaged in the acts alleged herein while acting as a

final policymaker for Clackamas County. As a result, Defendant Clackamas County is liable for the deprivation of Plaintiff's Fourteenth Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant Clackamas County.

26. Defendant Clackamas County is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983: First Amendment – Speech and Petition Clause)
### (Against all Defendants)

27. Plaintiff realleges paragraphs 1 through 20.

28. Defendant Geist deprived plaintiff of her First Amendment rights by terminating Plaintiff for opposing sexual harassment by Kevin and petitioning the government for her grievances pertaining to the sexual harassment by Kevin.

29. Plaintiff report of Kevin's harassment was made in her capacity as a citizen and was speech on a matter of public concern.

30. Plaintiff's opposition of Kevin's harassment was a substantial factor in Plaintiff's termination. Had Plaintiff not opposed Kevin's harassment or petitioned the government for her grievances pertaining to the harassment, she would not have been terminated

31. Defendant Clackamas County is liable for the deprivation of Plaintiff's First Amendment rights because the deprivation was pursuant to a Clackamas County custom, policy or practice of discriminating against women, retaliating against individuals who oppose sex discrimination or sexual harassment, and of having an ineffective complaint mechanism that permits continued discrimination and retaliation. The deprivation was also pursuant to a Clackamas County custom, policy or practice of terminating probationary employees who oppose misconduct or unlawful conduct during their probationary period.

32. At all material times, Defendant Geist had final policy making authority for the WES department of Clackamas County and engaged in the acts alleged herein while acting as a final policymaker for Clackamas County. As a result, Defendant Clackamas County is liable for the deprivation of Plaintiff's First Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant Clackamas County.

33. Defendant Clackamas County is liable for the deprivation of Plaintiff's First Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. §. 2000e *et seq*. Title VII of Civil Rights Act on 1964: Disparate Treatment and Hostile Work Environment Discrimination)

### (Against Defendant Clackamas County)

34. Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

35. Defendant Clackamas County violated 42 U.S.C. 2000e-2(a)(1) by subjecting Plaintiff to a sex based hostile work environment that was severe and pervasive and both subjectively and objectively offensive.

36. Defendant Clackamas County further violated 42 U.S.C. 2000e-2(a)(1) because the hostile work environment maintained by Defendant resulted in and caused Plaintiff's termination.

### FOURTH CLAIM FOR RELIEF
### (42 U.S.C. §. 2000e *et seq*. Title VII of Civil Rights Act on 1964: Retaliation)
### (Against Defendant Clackamas County)

37. Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

38. Defendant Clackamas County violated 42 U.S.C. 2000e-(3)(a) by retaliating against Plaintiff by terminating Plaintiff for opposing the sexual harassment by Kevin and for

complaining about the harassment. Had Plaintiff not opposed the sexual harassment by Kevin or complained of the harassment she would not have been terminated.

### FIFTH CLAIM FOR RELIEF
### (O.R.S. 659A.030(1)(a)-(b) - Disparate Treatment and Hostile Work Environment Discrimination)

### (Against Defendant Clackamas County)

39. Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

40. Defendant Clackamas County violated O.R.S. 659A.030(1)(b) by subjecting Plaintiff to a sex based hostile work environment that was severe and pervasive and both subjectively and objectively offensive.

41. Defendant Clackamas County further violated O.R.S. 659A.030(1)(a) because the hostile work environment maintained by Defendant resulted in and caused Plaintiff's termination.

### FIFTH CLAIM FOR RELIEF
### (O.R.S. 659A.030(1)(f) - Retaliation)
### (Against Defendant Clackamas County)

42. Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

43. Defendant Clackamas County violated O.R.S. 659A.030(1)(f) by terminating Plaintiff for issuing a complaint about the harassment by Kevin and for opposing the sexual harassment by Kevin. Had Plaintiff not opposed Kevin's sexual harassment or made a complaint about the sexual harassment she would not have been terminated.

**WHEREFORE**, Plaintiff requests a trial by jury and requests the Court should grant judgment in favor of Plaintiff and against all Defendants and grant the following relief:

1. On all Plaintiff's Claims for relief, an award of economic damages including lost wages, lost fringe benefits, lost PERS benefits and pre-judgment interest in an amount to be

determined at trial;

    2.    On all Plaintiff's Claims for relief, an award of damages for mental and emotional distress, and other compensatory damages in an amount to be determined at trial;

    3.    On all Plaintiff's Claims for relief, an award of attorney fees, costs and disbursements;

    4.    On all Plaintiff's Claims for relief against Mr. Geist, only, punitive damages in an amount to be proved at trial;

    5.    On all Plaintiff's Claims for relief, a Declaration that all Defendants violated Plaintiff's constitutional rights to Equal Protection and rights under the First Amendment and rights to be free from discrimination under state and federal law

    6.    Such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

DATED this 6th day of December, 2022.

    By    s/Matthew C. Ellis
    **MATTHEW C. ELLIS, OSB No. 075800**
    Matthew C. Ellis, PC
    621 SW Morrison, Ste 1025
    Portland, OR 97205
    (503) 345-5497
    matthew@employmentlawpdx.com

Plaintiff demands a trial by jury.

    By    s/Matthew C. Ellis
    **MATTHEW C. ELLIS**
    OSB No. 075800
    (503) 345-5497