**Stephen L. Madkour**, OSB No. 941091
Clackamas County Counsel
E-mail: smadkour@clackamas.us
**Sarah Foreman**, OSB No. 042859
Assistant County Counsel
E-mail: sforeman@clackamas.us
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR  97045-1819
Phone:  503-655-8362
Fax:  503-742-5397
Of Attorneys for Defendants Clackamas County
and Greg Geist

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LORI BELL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CLACKAMAS COUNTY**, a local government, **and GREG GEIST,** an individual,<br><br>Defendants. | Case No. 3:22-cv-01885-MO<br><br>DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND AFFIRMATIVE DEFENSES<br><br>DEMAND FOR JURY TRIAL |

**ANSWER**

Defendants Clackamas County ("the County") and Greg Geist ("Geist") (collectively, "Defendants") answer Plaintiff's Complaint as follows:

1.

In response to paragraph 1, these are Plaintiff's jurisdictional allegations to which no response is required.  To the extent any facts requiring a response are alleged, they are denied.

Page 1- DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND
           AFFIRMATIVE DEFENSES

2.

In response to paragraph 2, these are Plaintiff's venue allegations to which no response is required. To the extent any facts requiring a response are alleged, they are denied.

3.

Defendants admit paragraph 3.

4.

In response to paragraph 4, Defendants admit that Clackamas County is a local government within the State of Oregon and oversees Water Environment Services ("WES"). The remainder of paragraph 4 contains legal conclusions and therefore, no response is required. To the extent any facts requiring a response are alleged, they are denied.

5.

In response to paragraph 5, Defendants admit Geist is the Director of WES. The remainder of paragraph 5 contains legal conclusions, and therefore, no response is required. To the extent any facts requiring a response are alleged, they are denied.

6.

In response to paragraph 6, Defendants admit Plaintiff attended an event as a representative of WES at a park in Happy Valley, Oregon on or about April 3, 2021. Defendants lacks sufficient information to admit or deny the remainder of paragraph 6 and therefore denies.

/ / /

/ / /

Page 2- DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND AFFIRMATIVE DEFENSES

7.

In response to paragraph 7, Defendants admit that Plaintiff was struggling with putting a cover over a pop-up tent. Defendants further admit that Kevin, while attempting to help Plaintiff with the tent cover, suggested that they could tie the tent up to contain it, instead of continuing to struggle with the cover. Defendants deny the remainder of paragraph 7.

8.

In response to paragraph 8, Defendants admit that Plaintiff told Chanin Bays ("Bays") that she thought Kevin might have said an inappropriate comment. Bays in turn alerted Human Resource professional, Erin Knapp ("Knapp"). Defendants deny the remainder of paragraph 8.

9.

In response to paragraph 9, Defendants admit that on or about August 9, 2021, Knapp and Plaintiff discussed her concerns about Kevin and that Knapp encouraged Plaintiff to discuss it with Geist directly because it was an internal dispute.

10.

In response to paragraph 10, Defendants admit that on or about August 19, 2021, Plaintiff and Geist discussed her perception of Kevin's conduct by Zoom. Defendants admit that Geist asked Bell if she misheard Kevin because Kevin reported that he offered to help her with the tent and he said something along the lines of "or we could just tie'er up and throw it in the back of your trunk." Defendants deny the remainder of paragraph 10.

/ / /

11.

In response to paragraph 11, Defendants admit that Plaintiff discussed her perception of Kevin's conduct with her supervisor Chris Storey ("Storey"). Defendants deny the remainder of paragraph 11.

12.

In response to paragraph 12, Defendants admit that Plaintiff and Kevin interacted on or about August 25, 2021, and that he touched her shoulder when greeting her. Defendants have insufficient information to admit or deny the remainder of paragraph 12 and therefore denies.

13.

In response to paragraph 13, Defendants admit that Geist had a conversation with Plaintiff and informed her that Kevin's supervisor discussed the matter with him and that Kevin's comment to Plaintiff at the Night Out event was misunderstood. Defendants admit that Kevin's version of the comment was credible, and the investigation was concluded. Defendants admit that Kevin's supervisor did not speak to Plaintiff. Defendants deny the remainder of paragraph 13.

14.

In response to paragraph 14, Defendants admit that Plaintiff was a probationary employee and was near the end of her probation period (one year). Defendants admit that she did not meet performance standards which included negative interactions with staff. Defendants admit that Plaintiff was presented with a letter identifying areas of performance deficiencies and on or about October 4, 2021, Plaintiff was terminated. Defendants deny the remainder of paragraph 14.

15.

Defendants deny paragraph 15.

16.

Defendants deny paragraph 16.

17.

Defendants deny paragraph 17.

18.

Defendants deny paragraph 18.

19.

In response to paragraph 19, it contains legal conclusions, and therefore, no response is required. To the extent any facts requiring a response are alleged, they are denied.

20.

In response to paragraph 20, it contains legal conclusions, and therefore, no response is required. To the extent any facts requiring a response are alleged, they are denied.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Equal Protection)**
**(Against All Defendants)**

21.

Defendants reallege and incorporate its answers above.

22.

Defendants deny paragraphs 22-26.

/ / /

/ / /

Page 5- DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND AFFIRMATIVE DEFENSES

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983: First Amendment – Speech and Petition Clause)**
**(Against All Defendants)**

23.

Defendants reallege and incorporate its answers above.

24.

Defendants deny paragraphs 28-33.

**THIRD CLAIM FOR RELIEF**
**(42 U.S.C. § 2000e *et seq.* Title VII of Civil Rights Act of 1694:**
**Disparate Treatment and Hostile Work Environment Discrimination)**
**(Against Defendant Clackamas County)**

25.

Defendants reallege and incorporate its answers above.

26.

Defendants deny paragraphs 35-36.

**FOURTH CLAIM FOR RELIEF**
**(42 U.S.C. § 2000e *et seq.* Title VII of Civil Rights Act of 1694: Retaliation)**
**(Against Defendant Clackamas County)**

27.

Defendants reallege and incorporate its answers above.

28.

Defendants deny paragraph 38.

**FIFTH CLAIM FOR RELIEF**
**(ORS 659A.030(a)-(b) – Disparate Treatment and Hostile Work Environment**
**Discrimination)**
**(Against Defendant Clackamas County)**

29.

Defendants reallege and incorporate its answers above.

/ / /

30.

Defendants deny paragraphs 40-41.

## FIFTH (SIC) CLAIM FOR RELIEF
### (ORS 659A.030(1)(f) – Retaliation)
### (Against Defendant Clackamas County)

31.

Defendants reallege and incorporate its answers above.

32.

Defendants deny paragraph 43.

## JURY TRIAL REQUESTED

33.

Defendants agree a jury trial is appropriate for all claims asserted.

## PLAINTIFF'S PRAYER FOR RELIEF

34.

Defendants deny Plaintiff is entitled to the damages alleged.

35.

Except as expressly admitted or alleged above, Defendants deny each and every allegation of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

36.

Plaintiff fails to state a claim upon which relief can be granted and fails to allege ultimate facts that entitle her to relief under the claims set forth in the Complaint.

/ / /

## SECOND AFFIRMATIVE DEFENSE
### (Oregon Tort Claims Act)

37.

To the extent that Plaintiff seeks to impose liability or obtain damages for the period of time prior to 180 days from the time Defendants received her Tort Claim Notice, she is barred by ORS 30.275.

38.

Plaintiff's claims are subject to the terms, limitations, and conditions of the Oregon Tort Claims Act, ORS 30.260 et seq.

## THIRD AFFIRAMTIVE DEFENSE
### (Limitation on Non-Economic Damages)

39.

Plaintiff's recovery, if any, is subject to the limitation on non-economic damages under ORS 31.710.

## FOURTH AFFIRMATIVE DEFENSE
### (Non-discriminatory or Retaliatory Purpose)

40.

Defendants had valid, lawful, objectively reasonable, non-discriminatory and non-retaliatory grounds for all actions taken with respect to Plaintiff's employment, and as such the actions were not based upon any improper motive or purpose.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 8- DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND AFFIRMATIVE DEFENSES

## FIFTH AFFIRMATIVE DEFENSE
### (Legitimate Business Necessity)

41.

All actions taken by Defendants, with authority to act with respect to the terms and conditions of Plaintiff's employment, were at all times reasonable and based upon a legitimate public business necessity barring each claim in Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Expressed Policy)

42.

Defendants have an expressed policy against the types of retaliation and harassment complained of by Plaintiff, including procedures in place specifically designed to prevent and resolve these types of complaints. Plaintiff was aware of and able to utilize these procedures.

## SEVENTH AFFIRMATIVE DEFENSE
### (Corrective Action)

43.

Plaintiff's claim for sexual harassment is barred because Defendants exercised reasonable care to prevent and correct promptly any unlawful harassing behavior.

## EIGHTH AFFIRMATIVE DEFENSE
### (Discretionary Immunity)

44.

All actions taken by Defendants with respect to the terms and conditions of Plaintiff's employment represent the exercise of discretionary function, and the Defendants are entitled to immunity on that ground.

/ / /

/ / /

/ / /

Page 9- DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND AFFIRMATIVE DEFENSES

### NINTH AFFIRMATIVE DEFENSE
### (42.S.C. §1981a(b))

45.

Plaintiff's claims are subject to the terms, limitations, and conditions contained in 42 U.S.C. §1981a(b).

### TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages not Recoverable)

46.

Pursuant to the Oregon Tort Claims Act, Plaintiff cannot recover punitive damages from a public entity.

47.

Defendants allege that they have not engaged in intentional discrimination with respect to Plaintiff, and Defendants therefore cannot be liable for punitive damages. In addition, Defendants allege that they have not acted with malice, or reckless indifference to the protected rights of Plaintiff and, therefore Defendants cannot be liable for punitive damages.

48.

Plaintiff is not entitled to receive punitive damages because she has not pled facts sufficient to support such an award.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Mitigation)

49.

Plaintiff's allegations in the Complaint are barred because Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law. Defendants further avers that all amounts earned or earnable with reasonable diligence

since the time of Plaintiff's separation from employment with the County must be offset against and reduce any monetary recovery sought in this case.

### RESERVATION TO ADD ADDITIONAL AFFRIMATIVE DEFENSES

Defendants reserve the right to add additional affirmative defenses as discovery proceeds in this case.

**WHEREFORE**, Defendant prays for relief as follows:

1) That all Plaintiff's claims against it be dismissed with prejudice;

2) Awarding the Defendants' costs and reasonable attorney's fees under 42 U.S.C. § 1988, ORS 20.107 and/or ORS 659A.885 to the extent it is the prevailing party on claims;

3) For such other relief as the Court deems just and proper.

Respectfully submitted this 16th day of February, 2023.

STEPHEN L. MADKOUR
CLACKAMAS COUNTY COUNSEL

/s/ Sarah Foreman_____
Sarah Foreman, OSB No. 042859
Assistant County Counsel
E-mail:  sforeman@clackamas.us
Stephen L. Madkour, OSB No. 941091
County Counsel
E-mail: smadkour@clackamas.us
Of Attorneys for Defendants Clackamas County and Greg Geist

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the foregoing DEFENDANTS CLACKAMAS COUNTY AND GREG GEIST'S ANSWER AND AFFIRMATIVE DEFENSES on:

| | |
|---|---|
| Matthew C. Ellis | ___ First Class Mail |
| Matthew C. Ellis, PC | _x_ E-Serve |
| 621 SW Morrison Street, Suite 1025 | _x_ E-mail |
| Portland, OR 97205 | |
| matthew@employmentlawpdx.com | |
| Attorney for Plaintiff | |

Dated this 16th day of February, 2023.

STEPHEN L. MADKOUR
CLACKAMAS COUNTY COUNSEL

/s/ Sarah Foreman_____
Sarah Foreman, OSB No. 042859
Assistant County Counsel
E-mail:  sforeman@clackamas.us
Stephen L. Madkour, OSB No. 941091
County Counsel
E-mail:  smadkour@clackamas.us
Of Attorneys for Defendants Clackamas County and Greg Geist

Page 1- CERTIFICATE OF SERVICE